UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LISA LYNN SCHROEDER, On behalf of her minor daughter K.P., Plaintiff, v. CAROLYN W. COLVIN, Acting Commissioner of Social Security, Defendant. | Case No. CV 14-06487 (GJS) MEMORANDUM OPINION AND ORDER |

## I. PROCEEDINGS

Plaintiff Lisa Lynn Schroeder ("Plaintiff") filed a complaint seeking review of the Commissioner's denial of her application for Supplemental Security Income ("SSI") on behalf of her minor daughter, K.P. The parties filed consents to proceed before the undersigned United States Magistrate Judge, and a Joint Stipulation addressing disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

## II. CHILDHOOD DISABILITY EVALUATION PROCESS

To qualify for disability benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in

marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I).

The Social Security Administration has enacted a three-step sequential analysis to determine whether a child is eligible for SSI benefits on the basis of a disability. 20 C.F.R. § 416.924(a). First, if the child is engaged in "substantial gainful activity," she is not disabled. 20 C.F.R. § 416.924(b). Second, the Commissioner determines whether the child has a "medically determinable impairment that is severe." 20 C.F.R. § 416.924(c). Third, if the child has a severe impairment, the Commissioner determines whether the impairment meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). 20 C.F.R. § 416.924(c)-(d). If the impairment satisfies this requirement, the child is presumed disabled. If a child's impairment does not meet or medically equal a listed impairment, the Commissioner will consider whether the child's impairment is severe enough that it is functionally equivalent to the severity required by the Listings. 20 C.F.R. § 416.926a.

In determining whether an impairment functionally equals a listed impairment, the Administrative Law Judge ("ALJ") must consider the child's ability to function in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for herself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(a)-(b). To demonstrate functional equivalence, the child must exhibit "marked" limitations in two of the domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d). A "marked" limitation is one that "seriously" interferes with the child's ability to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation is one that "very seriously" interferes with the child's ability to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(i).

2

## III. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

The ALJ found that K.P. was born on March 8, 1998, and was a "school-age child" on May 4, 2011, the date her application was filed. (Administrative Record ("AR") 16). The ALJ determined that K.P. had not engaged in substantial gainful activity at any time since the application date, and that K.P. has the severe impairments of gastroesophageal reflux disease and an unspecified learning disorder. (AR 16). The ALJ determined that K.P.'s impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 16); 20 C.F.R. § 416.924. The ALJ further found that K.P.'s impairments did not functionally equal in severity any listed impairment because K.P. has less than marked or no limitations in each of the six domains of function. (AR 18-24); 20 C.F.R. §§ 416.924(d), 416.926a. Consequently, the ALJ concluded that K.P. was not disabled. (AR 24).

The Appeals Council denied review and the ALJ's decision became the final decision Commissioner. (AR 1-3).

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## V. DISCUSSION

Plaintiff contends that the ALJ erred by: (1) concluding that K.P.'s impairments did not meet, medically equal or have the functional equivalence of an

3

impairment in Listing 112.05; and (2) failing to call a medical expert to testify at the administrative hearing. (Joint Stipulation ("Joint Stip.") at 3-5, 11-15, 21-22). As set forth below, the Court agrees with Plaintiff, in part, and remands the matter for further proceedings.

**A. Listing 112.05**

Listing 112.05 addresses intellectual disability.[1] 20 C.F.R. Part 404, Subpart P, Appendix 1, § 112.05. Listing 112.05 contains an introductory paragraph with a diagnostic description for intellectual disability, which states that the disorder is "[c]haracterized by significantly subaverage general intellectual functioning with deficits in adaptive functioning. The required level of severity for this disorder is met when the requirements in paragraphs A, B, C, D, E, or F of the listing are satisfied. *Id.* Thus, to meet Listing 112.05, a claimant's impairment must satisfy the diagnostic description in the introductory paragraph, as well as one of the six sets of criteria in paragraphs A through F. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 112.00A, ¶ 8.

Plaintiff argues that K.P.'s impairments satisfy the diagnostic description in the introductory paragraph of Listing 112.05, and the criteria in paragraphs C, D and E of the listing, which provide as follows:

C. A valid verbal, performance, or full scale IQ of 59 or less;

OR

D. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function;

---

[1] The Court notes that effective September 3, 2013, the Social Security Administration replaced the term "Mental Retardation" with "Intellectual Disability" in Listing 112.05. *See* Change in Terminology: "Mental Retardation" to "Intellectual Disability," 78 Fed. Reg. 46499-01 (Aug. 1, 2013). However, the substance of the Listing has not changed.

OR

E.  A valid verbal, performance, or full scale IQ of 60 through 70 and:

\* \* \*

2. For children (age 3 to attainment of age 18), resulting in at least one of paragraphs B2b or B2c or B2d of 112.02.[2]

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.05.

The ALJ determined that K.P. did not satisfy the requirements of Listing 112.05, as she had never received a diagnosis of mental retardation.  (AR 17-18).  The ALJ explained that although K.P. had a perceptual reasoning IQ score of 57, her verbal comprehension IQ was in the high borderline range (77) and her adaptive functioning was in the average to borderline range.  (AR 17, 191).  The ALJ also noted that K.P. gave poor effort in school and that the examining psychologist attributed her low IQ to a learning disorder, rather than mental retardation.  (AR 17-18, 191).  The ALJ referenced 112.05C in the decision, but did not analyze whether K.P.'s IQ scores satisfied the criteria of that section.  The ALJ also failed to address whether K.P.'s impairments were sufficiently severe as to satisfy the criteria in 112.05D or 112.05E.  (AR 17-18).  Thus, in essence, the ALJ determined that K.P. failed to satisfy the diagnostic description for intellectual disability in the introductory paragraph of Listing 112.05 (i.e., "significantly subaverage general intellectual functioning with deficits in adaptive functioning") based on the absence of a formal diagnosis of mental retardation and the presence of a diagnosis of a learning disorder.  (AR 17-18).

Listing 112.05 does not expressly require a formal diagnosis of mental retardation.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.05; *see Rocha v. Astrue*,

---

[2] Paragraphs B2b, B2c, and B2d of 112.02 refer to marked impairments in age-appropriate social functioning, marked impairments in age-appropriate personal functioning, and marked difficulties in maintaining concentration, persistence, or pace, respectively.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.02.

No. CV-11-3006-CI, 2012 WL 4903586, at *4 (E.D. Wash., Oct. 16, 2012) ("the language of the Listing [112.05] includes nothing about receiving a formal diagnosis [for mental retardation]").  The diagnostic criteria of Listing 112.05 requires only that a claimant prove "significantly subaverage general intellectual functioning with deficits in adaptive functioning."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.05.  Plaintiff argues that K.P. met the diagnostic definition.  (Joint Stip. at 3, 5, 13).  Plaintiff points to evidence that K.P. had a valid full scale IQ score of 68, a perceptive reasoning IQ score of 57, communication skills that were far below her chronological age, and significant academic deficits.  (AR 181-84, 191, 193).

The Ninth Circuit has not addressed whether a claimant must have a formal diagnosis of mental retardation to satisfy the diagnostic criteria of Listing 112.05. However, the Eighth Circuit has determined that a claimant does not have to be formally diagnosed with mental retardation to satisfy the diagnostic description in the listing.  *See, e.g., Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 822 (8th Cir. 2008) ("The claimant, however, does not have to be formally diagnosed with mental retardation to meet the Regulation's definition of mental retardation."); *see also* Technical Revisions to Medical Criteria for Determinations of Disability, 67 Fed. Reg. 20,018-01, 20,022 (Apr. 24, 2002) (rejecting proposal that definition of mental retardation found in Diagnostic and Statistical Manual of Mental Disorders IV ("DSM-IV") be used for adult mental retardation listing).  The Eighth Circuit has also analyzed the parallel adult listing for intellectual disability, Listing 12.05, and determined that a formal diagnosis of mental retardation is not required.  *See Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006) (introductory paragraph of Listing 12.05 does not require "a formal diagnosis of mental retardation"); *Christner v. Astrue*, 498 F.3d 790, 793 (8th Cir. 2007) (same).  Many district courts agree with this conclusion.  *See, e.g., Lewis v. Astrue*, No. C 06-6608 SI, 2008 WL 191415, at *5-7 (N.D. Cal. Jan. 22, 2008) ("The lack of a diagnosis of

mental retardation . . . has no bearing on whether claimant could be found disabled under Listing 12.05."); *Vieira v. Colvin*, No. 2:11-cv-02342 KJN, 2013 WL 1195287, at *5 (E.D. Cal. Mar. 22, 2013) ("a diagnosis of mental retardation is not required in order for a claimant to meet the Listing's requirements"); *Ramirez v. Colvin*, No. CV 13-5473 JC, 2014 WL 360183 (C.D. Cal. Jan. 31, 2014) (finding that Listing 12.05 does not require a formal diagnosis of mental retardation); *Frazier v. Astrue*, No. CV-09-3063-CI, 2010 WL 3910331, at *4 (E.D. Wash. Oct.4, 2010) ("[t]here is no requirement for a formal diagnosis of 'mental retardation'" for a plaintiff to meet Listing 12.05C); *Cauffman v. Astrue*, No. C10-281-JCC-JPD, 2010 WL 5464815, at * 10 (W.D. Wash. Nov. 12, 2010) (holding that a "lack of a diagnosis of mental retardation . . . has no bearing on whether plaintiff's impairments meet listing 12.05(C)."); *Lloyd v. Astrue*, No. 3:11-cv-00951-RE, 2012 WL 4794152, at *2 (D. Or. Oct. 5, 2012) (absence of a formal diagnosis of mental retardation is irrelevant); *Dorman v. Astrue*, No. PWG-09-1052, 2011 WL 1135785, *1 (D. Md. Mar. 25, 2011) (rejecting Commissioner's argument that diagnosis with mental retardation was requirement for establishing Listing 112.05D); *Lowes v. Commissioner*, 2013 WL 4413751 (E.D. Mich. Aug. 15, 2013) ("[A] formal medical diagnosis of mental retardation is not conclusive one way or the other.").

      The rationale in these cases is persuasive. The Court finds that the absence of a formal diagnosis of mental retardation is not a sufficient basis to support the step three determination in this case. In light of the record as a whole, the ALJ's conclusion that K.P. failed to satisfy the diagnostic criteria of Listing 112.05 is not supported by substantial evidence. A remand is appropriate for the ALJ to reevaluate whether K.P. satisfies the diagnostic criteria of Listing 112.05, and, if necessary, clarify whether K.P. meets the specific IQ and other impairment requirements of paragraphs C, D or E of the listing. *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) (remand is appropriate where an ALJ fails adequately to

consider a Listing that plausibly applies); *Frost v. Barnhart*, 314 F.3d 359, 363-64 (9th Cir. 2002) (reversing and remanding for further proceedings where ALJ determined that plaintiff was not disabled without considering requirements of several applicable listings).

The Commissioner asserts that K.P. did not satisfy the diagnostic description in the introductory paragraph of Listing 112.05, as K.P. did not have "the requisite deficits in adaptive functioning." (Joint Stip. at 6). However, the ALJ did not find that K.P. lacked any deficits in adaptive functioning. Rather, the ALJ acknowledged that K.P. had deficits in adaptive functioning that ranged from average to borderline. (AR 17-18, 191). Thus, the Commissioner's post hoc argument is rejected. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (The Court reviews the ALJ's decision "based on the reasoning and factual findings offered by the ALJ - not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."). Moreover, to the extent the Commissioner may be asserting that Listing 112.05 requires significant or marked deficits in adaptive functioning, the argument is without merit, as the diagnostic criteria of Listing 112.05 requires only "deficits in adaptive functioning." (AR 18). *See*, *e.g.*, *Bell ex rel. D.B. v. Colvin*, 2013 WL 6096229, at * 3 (M.D. Ala. Nov. 30, 2013) (explaining that the introductory paragraph of listing 112.05 requires "deficits" in adaptive functioning, not "significant deficits").

## VI. CONCLUSION AND ORDER

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding

issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 154 L.Ed.2d 272 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *see also Connett,* 340 F.3d at 876 (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony); *Harman*, 211 F.3d at 1180-81.

IT IS THEREFORE ORDERED that Judgment be entered reversing the Commissioner's decision and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion and Order.[3]

DATED: July 29, 2015  _____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.

9